19305

The STATE, Respondent, v. Elias VANDERHORST, Appellant
(184 S. E. (2d) 540)

*Edward D. Buekley, Esq.,* of Charleston, *for Appellant,* cites:

*Robert B. Wallace, Esq., Solicitor,* of Charleston, *for Respondent,* cites:

November 2, 1971.

Moss, Chief Justice:

The appellant, Elias Vanderhorst, was tried at the 1971 Term of the Court of General Sessions for Charleston County on an indictment charging him with the murder of one Willie Hodges on September 2, 1970, which trial resulted in a conviction of manslaughter. He was sentenced to imprisonment for a term of ten years. This appeal followed.

At the conclusion of the testimony offered by the State and after the reception of all evidence in the case, the appellant moved for a direction of a verdict of not guilty on the ground that he acted in self-defense. The motions were denied by the trial judge.

In considering the question of whether the trial judge erred in refusing to direct a verdict in favor of the appellant, the evidence and the inferences which may be reasonably drawn therefrom must be viewed in the light most favorable to the State. *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464. When the evidence is susceptible of more than one reasonable inference, questions of fact must be submitted to the jury. Among other considerations is the credibility of the witnesses, including that of the appellant himself. *State v. Richburg,* 250 S. C. 451, 158 S. E. (2d) 769.

In the case of *State v. Franklin,* 80 S. C. 332, 60 S. E. 953, we said:

"When a person kills another and pleads that it was done in self-defense, on him rests the burden of proving his plea, not by the same measure as is incumbent on the state, that he must prove his defense beyond a reasonable doubt, but he must prove by the preponderance or greater weight of the

evidence. That is in reference to his special plea. When the Defendant here interposed the plea of self-defense, on him rests the burden of proving that plea by the preponderance of the testimony."

We also said in the *Franklin* case that:

"The orderly administration of justice requires that all proper evidence should be admitted, and the jury must determine the facts, and testimony should be exceedingly clear and without contradiction where a circuit judge assumes to direct a verdict."

It appears from the evidence that the appellant lived at Number 35 Amherst Street in the City of Charleston and that the deceased lived in the same general neighborhood. Amherst Street is narrow and the buildings generally front flush on the sidewalk. The sidewalk is 7½ feet wide and the vehicular portion of the street is about 20 feet wide. Across the street from the residence of the appellant is a store, such being about 35 feet from the door of the residence of the appellant.

On September 2, 1970, the appellant was living alone and was employed at the water-front. On the day in question, the appellant had drawn his pay for the week and had cashed his check at the Piggly Wiggly Store at Meeting and Columbus Streets. He went from this store to King Street and got some of his clothes from a dry cleaners and redeemed his pistol from a pawn shop. He put the pistol in the waistband of his pants and under his overhanging shirt and went home. The appellant was expecting two friends to come by to have a beer with him. He heard someone call from the outside and thought it was one of his friends and went out, with the pistol still in his waistband, to get the beer, not knowing that it was the deceased calling him until after he was in the street. The appellant testified that he had some argument with the deceased, apparently about the deceased cutting his son's hair. The appellant also testified "I forgot I had the gun on me." He said that he walked

around the deceased and went into the store and purchased three or four cans of beer and as he came out of the store, the deceased was standing in the center of the door of the store. He said he walked around the deceased and back to the middle of the street with the deceased following him. There they parted, the deceased heading north toward the store and the appellant heading south toward his home. He testified that during the course of the argument the deceased had told him "I'll make you shoot me or I'll cut you and you'll kill me."

The appellant testified that he was watching the deceased and when he reached the south sidewalk, he said the deceased made a gesture with his hand under his shirt as if to draw a weapon. He said that when this happened he got panicky and turned and fired his pistol at the deceased. Two bullets struck the deceased, mortally wounding him.

After the shooting took place, the appellant left the scene, threw the pistol into the Cooper River and went to his former home in Wando but later returned to the City of Charleston and surrendered to the police.

The appellant does not claim to have seen any weapon on the deceased. The evidence is that no weapons were found on him and he made no assault on the appellant.

The appellant admits shooting the deceased while the deceased was on or near the sidewalk on the north side of street and the appellant was on the sidewalk at the door of his home with the street between them.

In view of the place where the appellant was at the time he fired the fatal shots, the jury could have concluded that he could have stepped into the door of his home and avoided taking the life of the deceased. The jury, in view of the undisputed testimony that the deceased was unarmed, could have come to the conclusion that there was no reason why he did run his hand under his clothing as if to make use of a weapon there concealed. It was likewise for the jury to determine, in the light of all of the surrounding circum-

stances, whether it was necessary for the appellant to take the life of the deceased in order to protect himself from death or serious bodily harm.

It is our conclusion that there was no error on the part of the trial judge in refusing the motion of the appellant for a directed verdict of not guilty. The instructions of the presiding judge to the jury are not printed in the record and we must assume that he correctly charged the jury concerning the plea of self-defense.

The evidence in this case and the arguments of counsel for the State and the appellant were completed on January 6, 1971. When the arguments were finished, the trial judge recessed court for the day and until 9:30 o'clock on January 7, 1971. When court opened at the appointed time, counsel for the appellant advised the the court that an article had appeared on the back page of the front section of a local newspaper and in said article an account was given of what certain witnesses had testified to during the course of the trial. There was also contained in the article the following statement:

"At the conclusion of the State's case, Judge Baker overruled a motion by defense counsel for a ruling of justifiable homicide."

Prior to the judge's instructions to the jury, counsel for the appellant moved for a mistrial on the ground that the newspaper article was prejudicial. This motion was overruled. The trial judge also refused the request of counsel to inquire of the jury if they had read the article, and at the conclusion of the instruction to the jury, declined a request to instruct the jury to disregard anything that may have been in the newspaper. The trial judge stated at that time he had twice instructed the jury that factual determinations were to be based upon evidence produced in the trial and that their evidential field be confined to this case. The trial judge also found as a matter of law that the newspaper article was not prejudicial. The appellant asserts that the trial judge was in error in not granting his several motions.

It is, of course, encumbent upon the appellant to show that the rulings of the trial judge amounted to an abuse of discretion and that the article in question was in fact prejudicial to the appellant.

We have read the article appearing in the newspaper and conclude that the general factual report of the trial quoted from the testimony of the several witnesses was no different from that which the jury had heard during the course of the trial. We fail to see how the factual report of the trial could have been prejudicial to the appellant in view of its conformity with the testimony given by the witnesses at the trial. We cannot see how the statement in the paper that "Judge Baker overruled a motion by defense counsel for a ruling of justifiable homicide" was prejudicial to the appellant.

In *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607, involving the death penalty, this court said, with regard to newspaper publicity during the trial:

"The record contains no affirmative showing of prejudice to the defendant from the newspaper publicity during the trial. It is not shown that any juror actually read the news articles in question. Assuming however, that the jurors probably read the newspapers, there is a total absence of any showing of actual prejudice to the defendant therefrom. The newspaper articles were not such as to automatically preclude a fair trial and, under such circumstances, prejudice will not be presumed. On the contrary, in the absence of a showing of prejudice, we must assume that each and every member of the jury sought honestly and 'impartially, under the law, to discharge his duty; and that he observed the oath required of a juror'."

We find no merit in the contention that the newspaper article published during the trial of the appellant adversely affected his right to a fair and impartial trial. There was no abuse of discretion on the part of the trial judge in refusing the several motions of the appellant with reference to such article.

The appellant next contends that the trial judge ■ erred in failing to keep the jury together during trial of this case.

The appellant did not request that the jury be confined or kept together during the trial. The question posed by the appellant was not raised during the trial of the case. The rule is well established that if asserted errors are not presented to the lower court, question cannot be raised for the first time on appeal. *State v. McCrary*, 242 S. C. 506, 131 S. E. (2d) 687, and *State v. Jordan*, 255 S. C. 86, 177 S. E. (2d) 464.

We have long held that the question of whether or ■ not jurors shall be kept together during a trial, including capital cases, is a matter left to the sound discretion of the trial judge; and, where jurors are permitted to separate, the action of the trial judge thereabout will not be upset except upon a clear showing of abuse of such discretion. *State v. Williams*, 166 S. C. 63, 164 S. E. 415 and *State v. Swilling*, 249 S. C. 541, 155 S. E. (2d) 607.

There is no showing here that the appellant was prejudiced by the fact that the jury was permitted to separate. This question is answered adversely to the contention of the appellant.

The appellant contends that he was deprived of the ■ effective assistance of counsel by the trial judge's refusal to hear argument on his motion for a directed verdict, on his motion to charge the jury that it could not find the accused guilty of any offense greater than manslaughter and on the prejudicial effect of the article in the newspaper.

The record shows, contrary to the contention of the appellant, that his counsel made a motion for a directed verdict on the ground of justifiable homicide or self-defense and fully argued such motion prior to the trial judge overruling same. There is no showing in the record that counsel

for the appellant ever requested that he be allowed to make an argument in addition to what he had already made.

The appellant also argues that the trial judge did not permit argument on his motion to charge the jury that it could not find the accused guilty of any offense greater than manslaughter. When this motion was made, the trial judge said to counsel, "There is no need to argue it" and overruled such motion. If such was error, it was harmless, for the reason that the jury only found the appellant guilty of the offense of manslaughter.

When the several motions of the appellant were made, in connection with the news article, to which reference has heretofore been made, counsel for the appellant stated the grounds in full. Following this, the trial judge said, "I have read the article. I don't think it is prejudicial. It just merely states when it comes to the motion, the motion was made and overruled." It appears that the appellant did not thereafter pursue the matter of argument and took no exceptions to the ruling of the trial judge. We quote again from the case of *State v. Swilling,* above cited, in which this court said:

"A litigant has no legal right to have his attorney present argument during the course of a trial on every objection made to the admissibility of testimony. This is a matter expressly left to the control of the trial judge under Rule 11 of the Circuit Court Rules wherein it is provided that '(n)o argument shall be had on any objection to the admissibility of evidence unless especially requested by the presiding Judge.' The right of defendant's counsel to enter such objections during the trial as he saw fit was preserved; and defendant was deprived of no right, nor prejudiced in any way, because the trial judge apparently concluded in several instances that argument of counsel would be of no benefit in ruling upon the objections made."

It is apparent to us from the reading of the record in this case, as it relates to this question, that the trial judge heard

counsel for the appellant fully on his motions for a directed verdict and for a mistrial. It is also apparent that the trial judge made a decision in each instance and did not desire argument in addition to that presented by the appellant. We have held in numerous cases that the conduct of a trial is left necessarily in the discretion of the trial judge and his rulings therein will not be reversed except in a showing of abuse of discretion and prejudice to a party. There is no showing here on any abuse of discretion resulting in prejudice to the appellant.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.