### 19588

Rosa Lee TOOLE, as Administratrix of the Estate of Jimmie Toole, Appellant, v. Ada Mae TOOLE and Howard Toole, Jr., Respondents

(195 S. E. (2d) 389)

236

*F. Mikell Harper, Esq.,* of *Dufour and Dufour,* of Aiken, *for Appellant,*

*Messrs. Henderson, Salley, Bodenheimer & Lynn,* of Aiken, *for Respondents,*

*F. Mikell Harper, Esq.,* of *Dufour and Dufour,* Aiken, *for Appellant,*

238

March 16, 1973.

Bussey, Justice:

In this guest-passenger, wrongful death action the jury returned a verdict for actual damages in the amount of $2,500.00. Contending that the verdict was "completely and wholly inadequate", the appellant-plaintiff promptly moved for a new trial, and the appeal is from the denial of such motion. Relative to the damages involved, we quote the following from the agreed statement of the case:

"Jimmy Toole was eleven years of age at the time of the collision, and was survived by his parents, Rosa Lee Toole, age 49, and Howard Toole, age 51, the statutory beneficiaries under the South Carolina Wrongful Death Statute. He was large for his age, weighing more than 100 pounds, and was described as a friendly boy with a lovely disposition, who attended the fourth grade at Oakwood Elementary School, and who liked school and attended regularly. He was in good health except for having had a kidney removed as a result of an accident several years before, and was not restricted in any way in his activities because of this operation. The testimony showed that he helped clean house, wash dishes and iron clothes, and that he helped with the farming which was done on the premises owned by his parents. At the time of decedent's death, his parents had nine living children, including the decedent, five of whom were grown and emancipated and lived in nearby communities. Two other children had died of natural causes at ages 5 and 8 respectively. Decedent was the next to the youngest child.

The funeral bill for the burial of plaintiff's decedent amounted to Nine Hundred Sixteen and 05/100 ($916.05) Dollars."

It is well settled in this State that in actions for tort, where the verdict is grossly inadequate, a new trial may and should be granted for the same reasons and under the same principles as govern when a verdict is similarly excessive. Where a verdict gives grossly inadequate damages, it is as much a ground for a motion for a new trial by the plaintiff as a grossly excessive verdict would be a ground for such a motion by a defendant.

This Court has repeatedly quoted with approval from *McDonald v. Walter,* 40 N. Y. 551, the following language:

"A verdict for grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law and justice, than a verdict for excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged."

See *Bodie v. Charleston & W. C. R. Co.,* 66 S. C. 302, 44 S. E. 943, 947; *McKibben v. Anthony,* 185 S. C. 459, 194 S. E. 446; *Fuller v. Bailey,* 237 S. C. 573, 118 S. E. (2d) 340.

Motions for a new trial on the ground of either excessiveness or inadequacy are addressed to the sound discretion of the trial judge. His exercise of such discretion, however, is not absolute and it is the duty of this Court in a proper case to review and determine whether there has been an abuse of discretion amounting to error of law. *Williams v. Williams,* 246 S. C. 158, 142 S. E. (2d) 858. The respondents contend that the question of whether the verdict was so grossly inadequate as to indicate "caprice,

prejudice, passion or other improper considerations on the part of the jury" is not presently before us because counsel for the plaintiff-appellant did not use those magic words in making his motion for a new trial.

An analysis of our pertinent decisions suggests that such contention is simply an exercise in semantics without any significance of substance. Appropriate, we think, is the following comment in the opinion of *Grimsley v. Atlantic Coast Line R. Co.*, 189 S. C. 251, 1 S. E. (2d) 157, 161:

> "One is here reminded of a saying of that great Judge, Mr. Justice Cardozo: 'The law has outgrown its primitive stage of formalism, when the precise word was the sovereign tailsman and every slip was fatal.' *Wood v. Duff-Gordon*, 222 N. Y. 88, 91, 118 N. E. 214."

Counsel making the motion said that "the amount of the verdict is inadequate, completely and wholly inadequate, for the wrongful death of the child" and that the jury "did not properly understand the elements of damage in considering the case." While counsel did not use the words "caprice, passion or prejudice", "a verdict may properly be said to be capricious if it is against the overwhelming weight of the evidence". *Watson v. Paschall*, 100 S. C. 281, 84 S. E. 531, 532; *Nelson v. Charleston & W. C. R. Co.*, 231 S. C. 351, 98 S. E. (2d) 798. There are numerous cases holding that a verdict is capricious when it is without any rational basis in the evidence and/or the instructions of the court. 6 Words and Phrases, p. 218 *et seq.* Regardless of the terminology used, the test which guides this Court in the exercise of its power and duty to set aside a verdict on the ground of either excessiveness or inadequacy is whether the verdict is so shockingly so as to manifestly show that the jury was actuated by considerations not founded on the evidence and/or the instructions of the court. More often than not it would be impossible to determine precisely the nature of such improper considerations.

In *Beasley v. Ford Motor Co.,* 237 S. C. 506, 117 S. E. (2d) 863, we quoted with approval from 15 Am. Jur. 623, Damages, Sec. 205, as follows:

"A close analysis of the results reached in the cases justifies the statement that the courts generally grant relief if convinced that the verdict substantially exceeds any rational appraisal or estimate of the damages even though the inference of passion, prejudice, partiality, or other improper motive on the part of the jury is no more natural or reasonable than the inference of mistake or misapprehension on their part."

The asserted vice in the verdict was that it was far below any rational appraisal or estimate of the damages sustained, and it is, we think, of no substantial import that the motion for a new trial referred to the defect as resulting from "mistake or misapprehension on the part of the jury" rather than using the words "prejudice, caprice or passion."

"When this court comes to construe an exception, it will make its construction as liberal as the language will allow, in order to decide the question involved, unless it is satisfied that the statement has misled the respondent to his injury." *McMahan v. Walhalla Light and Power Company,* 102 S. C. 57, 86 S. E. 194; *Zorn v. Crawford,* 252 S. C. 127, 165 S. E. (2d) 640.

The record and brief of respondents are devoid of anything to even remotely indicate that the respondents were prejudiced in any manner or that counsel or the court were misled from the true issue by either the language of the motion or the variant language of the stated exceptions. Coming to the real issue in the case, which we think was appropriately preserved and is squarely before us, the record convinces us that the verdict as rendered was without any rational support in the evidence and was so grossly inadequate as to manifestly show the jury was actuated by considerations not found on the evidence and/or the instructions of the court. As is generally the case, we

can only speculate as to whatever the precise nature of such considerations may have been; whether passion, prejudice, partiality, mistake, misapprehension, or other improper considerations.

To revert to the facts recited in the statement of the case, the funeral bill was in the amount of $916.05; it follows that the sum of only $1,583.95 was awarded the father and mother to compensate them for the mental shock, suffering, wounded feelings, grief, sorrow, loss of companionship and deprivation of the comfort and solace of the society of their eleven year old son. By its verdict the jury has said that his death was the result of reckless and heedless conduct on the part of the respondents.

Liability having been thus established, the appellant was entitled to recover, without diminution or compromise, the substantial damages sustained by the beneficiaries. *Cf. McKibben v. Anthony et al., supra.* The uncontroverted facts and circumstances, we think, disclose that the damages sustained were far in excess of the verdict of the jury, and, in our view, the lower court erred in denying the motion for a new trial. The judgment of the lower court is accordingly reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.