23170

T. Douglas GOSNELL, Appellant v. DORCHESTER SCHOOL DISTRICT NO. 2 and S. C. Department of Education, Respondents.

(389 S. E. (2d) 865)

Supreme Court

*Ellis I. Kahn,* of *Solomon, Kahn, Smith & Baumil,* Charleston, *for appellant.*

*Donald H. Fraser,* of *McLeod, Fraser & Cone,* Walterboro, and *Charles E. Carpenter, Jr.,* Columbia, *for respondents.*

Heard Jan. 10, 1990.

Decided March 12, 1990.

GREGORY, Chief Justice:

This appeal is from an order granting summary judgment. We reverse.

Appellant's wife was severely injured when the car she was driving collided with a school bus. Appellant commenced this action seeking damages for medical expenses incurred on his wife's behalf and for loss of consortium. Respondent moved for summary judgment as to the loss of consortium claim alleging it is not an allowable claim under the South Carolina Tort Claims Act. The trial judge granted the motion.

The Tort Claims Act allows recovery to "any person who may suffer a loss proximately caused by a tort" committed by a government employee if a private person would be liable for that tort under South Carolina law. S. C. Code Ann. § 15-78-50(a) and (b) (Supp. 1989). "Loss" is specifically defined as:

> bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, *and any other element of*

*actual damages recoverable in actions for negligence,* but does not include the intentional infliction of emotional harm. (Emphasis added.)

S. C. Code Ann. § 15-78-30(f) (Supp. 1989). A government entity is liable for its torts to the same extent as a private individual with certain specified exemptions from liability set out in the Act. S. C. Code Ann. § 15-78-40 (Supp. 1989).

Relying on *Watford v. South Carolina Highway Dept.,* 273 S. C. 463, 257 S. E. (2d) 229 (1979), the trial judge concluded appellant could recover under the Tort Claims Act only for economic loss and not for loss of consortium. We disagree.

In *Watford,* this Court construed the former South Carolina Governmental Motor Vehicle Tort Claims Act to disallow a claim for loss of consortium. The language of that Act, however, was significantly different from the Tort Claims Act. Former S. C. Code Ann. § 15-77-230 (1976) allowed recovery to "any person sustaining an injury" by reason of the negligent operation of a motor vehicle by a government employee. "Injury" was defined as:

> death, injury to a person, damage to or loss of property, or *any other injury or loss that a person may suffer to his person or property,* that would be actionable at law if inflicted by or through the fault of a private person or his agent. (Emphasis added.)

S. C. Code Ann. § 15-77-220(5) (1976). The Court read the language "to his person or property" as restricting recovery to cases of bodily injury or property damage thereby excluding a claim for loss of consortium by an injured person's spouse.

Respondent focuses on the term "bodily injury" in the definition of "loss" to support a construction of the Tort Claims Act restricting recovery for personal injury to bodily harm and excluding loss of consortium. *See Sossamon v. Nationwide Mut. Ins. Co.,* 243 S. C. 552, 135 S. E. (2d) 87 (1964) (term "bodily injury" has narrower meaning than "personal injury"). The statutory definition of "loss," however, also includes "any other element of actual damages recoverable in actions for negligence." At common law, a spouse is entitled to recover the value of the injured spouse's

services, society, and companionship in an action for loss of consortium as well as medical expenses incurred on behalf of the injured spouse. *Cook v. Atlantic Coast R. Co.*, 196 S. C. 230, 13 S. E. (2d) 1 (1941). Damages awarded for loss of consortium are compensatory damages, *Hughey v. Ausborn*, 249 S. C. 470, 154 S. E. (2d) 839 (1967), which are by definition actual damages. *See Laird v. Nationwide Ins. Co.*, 243 S. C. 388, 134 S. E. (2d) 206 (1964). We therefore conclude the legislature intended "loss" as defined in § 15-78-30(f) to include loss of consortium.

Accordingly, the judgment of the circuit court is reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.