2295

Albert V. SULLIVAN and Dorothy Sullivan, Appellants-Respondents v. Cornel R. DAVIS, Mid-Carolina Electric Cooperative, Inc., and Hazel D. Porter, Respondents, of whom Hazel D. Porter is also Respondent-Appellant.

(454 S.E. (2d) 907)

Court of Appeals

*Richard J. Breibart,* Lexington, and *Leigh J. Leventis,* Columbia, *for appellants-respondents.*

*Charles E. Carpenter, Jr., Charles N. Plowden, Jr.,* and *Deborah Harrison Sheffield;* and *James B. Lybrand, Jr.,* Columbia, *for respondent-appellant.*

*Robert C. Brown* and *Donna M. Seegars,* Columbia, *for respondents.*

Heard Dec. 7, 1994.

Decided Jan. 30, 1995.

CONNOR, Judge:

These are negligence actions. While passing an eighteen wheeler on a two-lane road, Hazel Porter struck a utility truck which was attempting to turn left. Albert Sullivan was a passenger in Porter's car.

Albert brought an action for his injuries, and Dorothy, his wife, sued for loss of consortium. Defendants included Hazel Porter (the automobile driver), Cornel Davis (the utility truck driver), and Mid-Carolina Electric Cooperative (Davis' employer).

In Albert's case the jury returned a verdict for Albert for $20,000 against only Hazel Porter and found for Davis and Mid-Carolina. They found for all three defendants in Dorothy's consortium case.

After posttrial motions, the trial judge granted Albert a new trial *nisi additur* to $44,022.38. He denied all other posttrial motions.

The Sullivans and Hazel Porter appeal on various grounds. We affirm the jury's verdicts for Davis and Mid-Carolina. We reverse the verdict against Porter and remand for new trials for both Albert and Dorothy Sullivan.

## I.

### *Sullivans' Alleged Errors Concerning Davis and Mid-Carolina*

The Sullivans first argue they are entitled to new trials against Davis and Mid-Carolina because the trial judge erred in not allowing them to use recorded statements to impeach three witnesses.

Shortly after the accident, the insurance carrier for Mid-Carolina obtained statements from Cornel Davis, the driver of the utility truck; Raiford Kirkland, Davis' supervisor who witnessed the accident; and William Joyner, a motorist who also observed the accident. The statements, which were recorded over the telephone by Dwayne Singleton, a representative of the insurance carrier, were not signed. All three witnesses testified. The Sullivans argued they should have been allowed to impeach the witnesses by introducing transcripts of the statements into evidence.

We have reviewed the testimony and the recorded statements of the three witnesses and find no prejudice to the Sullivans. The Sullivans' attorney cross-examined all three witnesses. Davis had already testified consistently concerning the disputed matters. The Sullivans impeached Kirkland and Joyner with their depositions. Furthermore, Kirkland admit-

ted a possible discrepancy between another statement and the recorded statement.

The trial court has sound discretion in deciding ■ whether to admit or exclude evidence; the court's decision will not be disturbed on appeal absent clear showings of both abuse and prejudice. *JKT Co. v. Hardwick,* 274 S.C. 413, 265 S.E. (2d) 510 (1980); *Blackwell v. Paccar, Inc.,* 302 S.C. 294, 395 S.E. (2d) 736 (Ct. App. 1990). Here, even if the court erred in excluding the statements for impeachment purposes, we see no prejudice.

## II.

### *Sullivans' Alleged Errors Concerning Hazel Porter*

The Sullivans next appeal the denial of their posttrial motions for new trial against Hazel Porter. The judge denied Albert and Dorothy's new trial absolute motions but granted Albert a new trial *nisi additur* to $44,022.38. Porter consented to this amount.

### *Albert Sullivan*

When the accident occurred, Albert Sullivan, who was ■ almost seventy-eight years old, was retired. Prior to retirement he had worked in construction. Since retiring he did odd jobs and helped around the house. The accident caused internal injuries which in turn caused severe internal bleeding. In fact, Albert suffers from a 75 percent impairment of his whole body. Dr. Daniel Davis, a board-certified surgeon, characterized Albert's internal injuries as the worst he had ever seen from a person who survived an accident. He also indicated he thought Albert would die from these injuries. While hospitalized for nearly two months, Albert received over forty pints of blood. After his release he convalesced at a nursing home for two additional months. When Albert finally returned home, he had a temporary colostomy. His medical bills totalled $131,157.61. Additionally, Dr. Oliver Wood, an economic loss expert, estimated a total economic loss of approximately $100,000.[1]

---

[1] This amount included both the loss of Albert's personal services around the home and the value of the extraordinary care provided by his wife.

After hearing all the testimony, the jury began deliberating. While they were deliberating, they sent the trial judge two inquiries:

> 1. We would like the exhibit of Mr. Sullivan's medical expenses.
> 2. The jury requests information pertaining to what medical expenses incurred by Mr. Sullivan that have not been paid and which are not covered under existing insurance.

The Record on Appeal does not contain the court's responses to the inquiries. Therefore, we assume the court correctly advised the jury it should not consider insurance in its deliberations. *State v. Vanderhorst,* 257 S.C. 114, 184 S.E. (2d) 540 (1971) (where the trial judge's instructions are not printed in the record, the appellate court must presume the judge correctly charged the jury); *see also Dunn v. Charleston Coca-Cola Bottling Co.,* 311 S.C. 43, 426 S.E. (2d) 756 (1993) (voir dire question on whether any members of the venire believed damages should be limited in order to reduce insurance rates was inherently prejudicial); *cf. Landry v. Hilton Head Plantation Property Owners Ass'n, Inc.,* 452 S.E. (2d) 619 (S.C. Ct. 1994) (Davis Adv. Sh. No. 27 at 66) (neither the existence nor the contents of a defendant's liability policy may be disclosed to the jury); *Norris v. Ferre,* 315 S.C. 179, 181, 432 S.E. (2d) 491, 493 (Ct. App. 1993), *cert. denied,* (Mar. 4, 1994) ("[T]he Supreme Court has been meticulous in keeping the issue of insurance coverage away from the jury.").

The jury returned a verdict of only $20,000 in Albert's case. The judge granted a new trial *nisi* to $44,022.38, the amount of Medicare's allowed charges. Albert argues first the trial judge erred in not granting Albert a new trial. In the alternative he alleges the trial judge improperly calculated the *additur.* Porter contends his liability for medical expenses, if any, should be limited to compensating Albert for the reasonable costs which Medicare paid, together with miscellaneous coinsurance, deductible, and non-Medicare covered expenses.

Under the circumstances the trial court should not have granted a new trial *nisi.* The jurors obviously did not follow the court's instructions to disregard insurance. *Toole v. Toole,* 260 S.C. 235, 195 S.E. (2d) 389 (1973). The verdict is not rationally supported by the evidence in this case. Because the ver-

dict here was grossly inadequate, not merely inadequate, the court should have granted Sullivan's new trial absolute motion. *O'Neal v. Bowles*, 314 S.C. 525, 431 S.E. (2d) 555 (1993). Therefore, we must set it aside and grant a new trial absolute. *Allstate Ins. Co. v. Durham*, 314 S.C. 529, 431 S.E. (2d) 557 (1993).

Porter further argues Albert cannot challenge the *additur* because, having requested an *additur*, and gotten it, he cannot now complain about the amount. *Kalchthaler v. Work-man*, 450 S.E. (2d) 621 (S.C. Ct. App. 1994) (Davis Adv. Sh. No. 24); *Stroud v. Stroud*, 299 S.C. 394, 385 S.E. (2d) 205 (Ct. App. 1989). In *Stroud* the jury awarded the plaintiff $4,765.17, the amount of his medical bills, and the judge granted a new trial *nisi additur* of $4,000. We affirmed that amount, but noted:

> Motions for a new trial on the ground of either excessiveness or inadequacy are addressed to the sound discretion of the trial judge. His exercise of such discretion, however, is not absolute and it is the duty of this Court in a proper case to review and determine whether there has been an abuse of discretion amounting to an error of law.

*Id.* at 397, 385 S.E. (2d) at 206 (citation omitted). *Kalchthaler* also involved the adequacy of a new trial *nisi*. In that case we specifically found the amount of the verdict "not so shockingly disproportionate to the injuries Kalchthaler sustained as to indicate 'passion, caprice, prejudice, or some other influence outside the evidence' motivated the jury's decision." *Kalchthaler*, Davis Adv. Sh. No. 24 at 39. In this case, however, the judge abused his discretion, amounting to an error of law, in not granting Sullivan's new trial absolute motion because the verdict here was "shockingly disproportionate."

### Dorothy Sullivan

Dorothy Sullivan is in her seventies. She and Albert had been married for almost forty-four years at the time of trial. The first week after the accident she spent almost fourteen hours a day at the hospital. During the remainder of Albert's two-month hospitalization she averaged six to eight hours a day at the hospital. When Albert went to the nursing home, Dorothy spent the afternoons with him and she also attended his physical therapy treatments. Once Albert returned home, she assisted him in all daily activities in-

cluding bathing him, dressing him, and caring for his colostomy. After the accident Albert became almost completely dependent on her.

The jury gave Dorothy no compensation for loss of consortium. At common law, a spouse is entitled to recover the value of the injured spouse's services, society, and companionship in an action for loss of consortium. *Gosnell v. Dorches-ter School Dist. No. 2*, 301 S.C. 21, 389 S.E. (2d) 865 (1990). Dorothy's verdict was irreconcilably inconsistent with Albert's. Therefore, her new trial absolute motion should also have been granted. *Cf. Craven v. Cunningham*, 292 S.C. 441, 357 S.E. (2d) 23 (1987) (jury verdict of $6,100 actual damages for husband's personal injury claim was not inconsistent with jury's denial of wife's claim for loss of consortium where the extent of husband's injuries and the effect on the marital relationship were contested throughout the trial).

In conclusion, Albert and Dorothy Sullivan are both entitled to new trials against Hazel Porter. The Sullivans argue these trials should be on the issue of damages only. However, S.C. Code Ann. § 15-33-125 (Supp. 1993), requires that new trials include issues of both liability and damages unless the circuit court could have granted a directed verdict on the issue of liability. Here, because the evidence on liability was disputed, the judge could not have directed a verdict. Therefore, the new trials must include issues of liability and damages.

### III.

*Hazel Porter's Cross-Appeal*

Hazel Porter has cross-appealed the trial court's denial of his motion for directed verdict on the ground Albert Sullivan's testimony absolved him from any liability.

Albert Sullivan testified he did not think Porter could have done anything to avoid the accident. However, he acknowledged he was not paying much attention. Furthermore, the inferences from the testimony of five other witnesses conflicted, making the issue of Porter's liability disputed.

In ruling on a motion for directed verdict, the trial judge is required to view the evidence and inferences which can reasonably be drawn form the evident in the light most favorable to the party opposing the motion. The

motion should be denied if the evidence yields more than one inference or if its inferences are in doubt. *Smith v. Wal-Mart Stores, Inc.,* — S.C. —, 442 S.E. (2d) 606 (1994).

We conclude the court correctly denied Porter's directed verdict motion.

### Conclusion

The trial court erred in denying Albert and Dorothy Sullivan's motions for new trials absolute against Hazel Porter. We order new trials, including issues of both liability and damages against Porter only. The remaining issues are affirmed.

Affirmed in part, reversed in part, and remanded.

SHAW and CURETON, JJ., concur.