678 S.E.2d 251

**Noel and Elizabeth DILLON, Appellants/Respondents,**

**v.**

**Neil FRAZER, Respondent/Appellant.**

**No. 26629.**

Supreme Court of South Carolina.

Heard Jan. 8, 2009.
Decided June 1, 2009.

Affirmed in part, reversed in part, and remanded; petition denied.

Cynthia Barrier Patterson, of Columbia, and Donald R. Moorhead, of Greenville, for Appellant/Respondents.

C. Stuart Mauney and T. David Rheney, both of Gallivan, White & Boyd, of Greenville, for Respondent/Appellant.

Justice PLEICONES.

This action arose out of an automobile accident in which Noel Dillon was injured due to Neil Frazer's admitted negligence. The men were co-employees of a company located in Ontario, Canada and both were residents of Ontario. After a

jury verdict for $6,000, Dillon [1] appealed the trial court's refusal to grant a new trial absolute on damages. Frazer appealed four points, all relating to whether or not Dillon's action should have been barred by the exclusivity statute found in Ontario workers' compensation law. We certified the case pursuant to Rule 204(b), SCACR. We now affirm the trial court's ruling refusing to apply Ontario law, reverse the trial court's refusal of a new trial absolute as to damages, and remand.

## FACTS

In 2002, Dillon and Frazer were employed by Massiv Die–Form (Massiv), a Canadian corporation with no facilities or place of business in South Carolina. The men were in Greenville, South Carolina working for Massiv. During their visit, Dillon and Frazer stayed at a hotel in Greenville and drove a rental car, all of which was paid for by Massiv. Both Dillon and Frazer were paid 30 minutes per day for the travel time between their hotel and the worksite. Frazer was the only employee authorized to drive the rental car.

Dillon sustained injuries in a car accident when Frazer ran a stop sign in a car in which Dillon was a passenger. Dillon was transported by ambulance to a hospital, where it was determined that he had eight fractured ribs on his right side and two on his left, a fractured sternum, a fractured clavicle, a fractured left thumb, and a punctured lung. He was admitted to the hospital where he remained for two days. Once back in Canada, Dillon received physical therapy. The remainder of his care was covered by the Canadian Health System and those costs were not sought in this action.

Due to his punctured lung, Dillon was not medically able to fly back to Canada until the Friday following his release from the hospital. He did not return to work for at least 10 weeks. Initially, Dillon returned to full-time work, but performed fewer overtime hours than prior to his injuries. Dillon testified that, prior to the accident, he worked roughly between 900 and 1,100 hours of overtime and double time each year.

---

1. Though Elizabeth Dillon filed Notice of Appeal, she did not pursue her appeal.

He stated that, after the accident, the number of hours he was able to work diminished.

Frazer admitted liability, so the only questions remaining for the jury were the amount of damages due Dillon and whether Dillon's wife was entitled to damages for loss of consortium. All told, Dillon's hospital care in Greenville amounted to $10,518. Dillon also claimed $320 for EMS transportation to the hospital and $1,188 in physical therapy bills. In addition to compensation for medical care, Dillon also contended that he was entitled to $509,168 in lost past and future earnings, including $101,350 in lost wages from the date of injury to the estimated trial date and $407,818 for the post-trial period, based on calculations by Dillon's expert.

During deliberations, the jury sent questions to the judge asking whether any compensation had been paid to Dillon by a third party. The jury awarded Dillon $6,000 and found for Frazer on the consortium claim by Dillon's wife. Dillon moved for a new trial *nisi additur* or in the alternative, for a new trial absolute as to damages only. The trial court granted Dillon's motion for *additur* and increased the damages by $15,000, bringing the total amount of damages to $21,000. He denied all other motions.

## I.

### New trial absolute

Dillon argues on appeal that the trial court erred by not granting a new trial absolute as to damages. We agree.

The trial court has sound discretion when addressing questions of excessiveness or inadequacy of verdicts, and its decision will not be disturbed absent an abuse of discretion. *Toole v. Toole*, 260 S.C. 235, 239, 195 S.E.2d 389, 390 (1973). "The trial court must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motive. The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute." *Vinson v. Hartley*, 324 S.C.

389, 404–05, 477 S.E.2d 715, 723 (Ct.App.1996). When considering a motion for a new trial based on the inadequacy or excessiveness of the jury's verdict, the trial court must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, prejudice, or some other improper motive. *Elam v. S.C. Dept. of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004).

## DISCUSSION

In *Kalchthaler v. Workman*, 316 S.C. 499, 450 S.E.2d 621 (Ct.App.1994), the Court of Appeals held that a party, having requested and been granted an *additur*, cannot complain of the amount. However, this does not preclude a party that is granted *additur* from appealing the trial judge's refusal to grant a new trial absolute. *Sullivan v. Davis*, 317 S.C. 462, 467, 454 S.E.2d 907, 911 (Ct.App.1995).

Dillon presented evidence of over $500,000 in damages as a result of the accident. While Frazer contested portions of Dillon's claim, unchallenged testimony at trial established the following damages: $10,518 in medical bills, $320.00 for EMS transportation to the hospital, $1,188 in physical therapy bills, and $18,000 in lost wages and overtime pay. This totals $30,026 in undisputed damages.

We find the jury verdict of $6,000 irreconcilably inconsistent with the unchallenged evidence presented at trial. The disparity between the award and the admitted damages goes beyond a merely conservative award and suggests that the jurors were motivated by improper considerations.

This suggestion is borne out by the following three questions asked by the jury during deliberations: (1) if it could see the deposition of the human resources director for Massiv; (2) whether Dillon received any compensation while he was not working during the ten weeks after the accident; and (3) whether medical bills for the accident were paid for, and if so, by whom. The trial judge responded that those matters "are not for your concern." The jury's verdict demonstrates that the jury failed to follow the court's instruction.

In *Sullivan, supra,* the jury sent questions to the trial judge inquiring as to what medical expenses had been covered by

insurance. *Id.* at 466, 454 S.E.2d at 910. The jury awarded $20,000 despite the plaintiff's medical bills totaling roughly $130,000, leading the Court of Appeals to conclude that "[t]he jurors obviously did not follow the court's instructions to disregard insurance. . . . Therefore we must set it aside and grant a new trial absolute." *Id.* at 466–67, 454 S.E.2d at 910–11. In the instant case, the record demonstrates that the jury ignored the trial court's instruction to disregard matters relating to third party payment of medical bills.

The jury's award of $6,000 in the face of over $30,000 in undisputed damages is grossly inadequate and demonstrates that the verdict was actuated by improper motivation. No plausible reason for the amount of the verdict has been advanced. For these reasons, the trial court erred in not granting Dillon's motion for a new trial absolute.

## II.

### Application of Ontario law

■ Frazer argues in relation to the Ontario worker's compensation exclusivity law, that the trial court erred: (1) in refusing to apply the exclusivity law; (2) in refusing to admit evidence on the exclusivity law; (3) in refusing to charge the jury on the exclusivity law; and (4) in denying Frazer's motion for judgment notwithstanding the verdict based on application of the exclusivity law. Because each point hinges on the applicability of Ontario worker's compensation law and the exclusivity law, we address these points as one and affirm on the ground that Frazer failed to plead Ontario law and so, is barred under Rules 12(b) and 8(c). *See* Rule 12(b), SCRCP (every defense must be asserted in the responsive pleading); Rule 8(c), SCRCP (in a responsive pleading a party "shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense.").[2]

■ Even if Frazer's argument was preserved, we find that *lex loci delicto* properly governs this case. *See Lister v.*

---

2. Frazer asserted South Carolina worker's compensation law in his pleadings, but did not include Ontario worker's compensation law. The trial court denied his motion to amend his pleadings to include Ontario law.

*NationsBank of Delaware,* 329 S.C. 133, 143, 494 S.E.2d 449, 454 (Ct.App.1997) (In choice of law in South Carolina, the general rule is that the substantive law governing a tort action is the law of the state where the injury occurred.); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E.2d 303, 305 (1964), *overruled on other grounds* (In tort cases, the law of the place where the injury was occasioned or inflicted governs in respect of the right of action.).

## CONCLUSION

For the reasons stated above, we affirm the trial court's refusal to apply Ontario law and reverse the denial of Dillon's motion for a new trial absolute. Since Frazer admitted liability, we remand for a new trial on damages only.

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.