THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 National Grange
 Mutual Insurance Company, Respondent,
 
 
 

v.

 
 
 
 Phoenix
 Contract Glass, LLC, C. Brent Chitwood, Linda N. Chitwood, Ronald L. Clark,
 Susan F. Clark, Henry H. Graham, III, and Renee L. Graham, Defendants,
 Of Whom C.
 Brent Chitwood, Linda N. Chitwood,  Ronald L. Clark, and Susan F. Clark are
 the Appellants.
 
 
 

Appeal From Richland County
 James R. Barber, III, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-270
 Submitted March 1, 2012  Filed May 2,
2012    

AFFIRMED

 
 
 
 M. Baron Stanton, of Columbia, and Brent
 Chitwood, pro se, of Irmo, for Appellants. 
 Mason A. Summers, Francis M. Mack, and
 Emily R. Gifford, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Brent and Linda Chitwood and Ronald and Susan Clark
 appeal the trial court's order granting National Grange Mutual Insurance
 Company's motion for a new trial absolute.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Dillon v.
 Frazer,  383 S.C. 59, 63, 678 S.E.2d 251, 253 (2009) ("The
 trial court has sound discretion when addressing questions of excessiveness or
 inadequacy of verdicts, and its decision will not be disturbed absent an abuse
 of discretion. The trial court must grant a new trial absolute if the amount of
 the verdict is grossly inadequate or excessive so as to shock the conscience of
 the court and clearly indicates the figure reached was the result of passion,
 caprice, prejudice, partiality, corruption or some other improper motive."
 (internal citations and quotation marks omitted)); Lane v. Gilbert Constr.
 Co., 383 S.C. 590, 597-98, 681 S.E.2d 879, 883 (2009) ("Upon
 review, a trial [court]'s order granting or denying a new trial will be upheld
 unless the order is wholly unsupported by the evidence, or the conclusion
 reached was controlled by an error of law. This Court's review is limited to
 consideration of whether evidence exists to support the trial court's order. As
 long as there is conflicting evidence, this Court has
 held the trial [court]'s grant of a new trial will not be disturbed." (internal
 citations and quotation marks omitted)). 

    AFFIRMED.
FEW,
 C.J., and HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.