# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Gerald Nelson, Appellant,

v.

Christopher S. Harris and Charles L. Baughman, Sr., d/b/a K&B Towing, LLC,  Respondents.

Appellate Case No. 2020-000638

--------

Appeal From Lexington County
Donald B. Hocker, Circuit Court Judge

--------

Opinion No. 6025
Heard April 4, 2023 – Filed September 6, 2023

--------

**AFFIRMED**

--------

H. Patterson McWhirter, of McWhirter Bellinger & Associates, PA, of Columbia; Matthew B. Rosbrugh, of MBR Law, LLC, of Columbia; Melissa Garcia Mosier, of Joye Law Firm, LLP, of Columbia; Kerri Brown Rupert, of McWhirter Bellinger & Associates, PA, of Lexington; and Amanda Nicole Pittman, of McGowan Hood Felder & Phillips, of Columbia, all for Appellant.

John Martin Grantland, Wesley Brian Sawyer, Rogers Edward Harrell, III, and Sarah Elizabeth Caiello, of Murphy & Grantland, PA, of Columbia, all for Respondents.

--------

**MCDONALD, J.:** In this action arising from a motor vehicle accident, Gerald Nelson argues the circuit court erred in failing to charge the jury regarding its obligation to disregard insurance coverage both before and after the jury sent a note stating, "We need to know what insurance has been paid for/from both parties." Nelson further challenges the circuit court's denial of his post-trial motion for a new trial absolute or new trial *nisi additur*. We affirm.

**Facts and Procedural History**

In January 2016, Nelson was driving on Longs Pond Road in Lexington County; Christopher S. Harris was behind him in an 11,000-pound rollback tow truck owned by Charles L. Baughman, Sr., d/b/a K&B Towing, LLC (K&B Towing). When Nelson stopped at a red light behind several other vehicles, Harris failed to stop and crashed into the rear of Nelson's sedan. This caused a chain reaction—the tow truck pushed Nelson's car into the vehicle in front of Nelson's and that vehicle then collided with yet another vehicle. Nelson was taken by ambulance to Prisma Health Baptist Parkridge Hospital. He also saw his primary care physician, Dr. Cory Hunt, who ordered X-rays and an MRI, prescribed medication and physical therapy, and instructed Nelson to stay home from work.

Nelson missed ten weeks of work after the accident and testified at trial that he was not as productive when he returned to work as he had been prior to the collision. He incurred $8,008.58 in medical bills, claimed $11,000 to $12,000 in lost wages, and described his inability to participate in activities he once enjoyed due to the pain and discomfort he now experiences. Nelson explained he hoped to seek additional treatment with a neurologist but was unable to afford the initial payment required to begin treatment. However, on cross-examination, Nelson admitted he "probably" told his physical therapist on April 7, 2016, "I'm doing great, man, nothing to complain about." Finally, Nelson admitted he had not received further treatment since Dr. Hunt released him to return to work on April 8, 2016.

In his video deposition, Dr. Hunt testified he examined Nelson's injuries and ordered him to stay home from work. At a February 19, 2016 follow-up appointment, Dr. Hunt released Nelson to return to work at Nelson's request; however, Nelson "could not make it through the first day" because he could not keep up with the lifting and unloading of the frozen food cases. When Nelson's straight leg test at a subsequent appointment indicated a "persistence of back pain," Dr. Hunt ordered an MRI and again instructed Nelson to remain home from work. After an MRI indicated "arthritis, lumbar spondylolysis, and central disc herniation at L4-L5, pushing a little more on the L5 nerves and more on the right than on the

left," Nelson began physical therapy. Dr. Hunt testified the ten-week period Nelson remained out of work was reasonable and necessary based on his diagnosis and course of treatment. He further stated the odds were "no greater than 50 percent" that Nelson's back condition caused a disc bulge at L4-5 to become a symptomatic disc herniation. And, although Dr. Hunt admitted he previously treated Nelson in 2013 and prescribed naproxen for "back pain and joint pain," he opined to a reasonable degree of medical certainty that "the wreck caused Mr. Nelson to become symptomatic, to start having pain in his back."

Baughman testified that at the time of the accident, K&B Towing used turbo diesel tow trucks with a rollback. He believed Harris used all of the training and knowledge he received during his CDL training in operating the trucks. When Nelson's counsel questioned whether "anyone off the street can operate a tow truck that is as large as yours without any special training," Baughman responded, "Not without training. There's not an insurance company [anywhere] that would touch them. You cannot insure them."

After the defense rested, the court held an informal, off-the-record charge conference in chambers. Nelson requested several charges, including a lengthy proposed instruction specifically forbidding consideration of liability insurance, which the court declined to give but marked as a court's exhibit. The circuit court provided counsel with copies of its proposed jury instructions following closing arguments, and the parties agreed the revised instructions were "consistent with what [they] discussed and what [the court] decided in chambers." After charging the jury, the court asked if counsel had "any additional changes or exceptions, objections to the charge." The attorneys responded, "No, Your Honor."

During deliberations, the jury sent out a note stating it "needed to know what insurance has paid for/from both parties." At this time, Nelson renewed his request for the proposed charge instructing the jury that it could not consider insurance coverage. Again, the circuit court declined to give the requested charge and responded to the question by reminding the jury, "You are to consider only the evidence presented during this trial." Ultimately, the jury returned a verdict for Nelson, awarding actual damages of $18,500. Nelson filed a post-trial motion for a new trial absolute or new trial *nisi additur*. The circuit court denied the motion, finding the evidence supported the jury's verdict and the verdict was neither inadequate nor insufficient.

**Law and Analysis**

## I.   Jury Charge

Nelson argues the circuit court erred when it failed during its general charge to instruct the jury regarding its obligation to disregard the existence of liability insurance and again during deliberations when the jury raised a specific question asking to hear about any insurance payments.  We disagree.

"When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial." *Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000).  "An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion." *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008).  "An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence." *Id.*  "Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error." *Fairchild v. S.C. Dep't of Transp.*, 398 S.C. 90, 104, 727 S.E.2d 407, 414 (2012) (quoting *Ross v. Paddy*, 340 S.C. 428, 437, 532 S.E.2d 612, 617 (Ct. App. 2000)). However, "[i]t is not error for the trial judge to refuse a specific request to charge when the substance of the request is included in the general instructions." *Burroughs v. Worsham*, 352 S.C. 382, 391–92, 574 S.E.2d 215, 220 (Ct. App. 2002).  "To warrant reversal, the refusal to give a requested jury charge must be both erroneous and prejudicial." *Fairchild*, 398 S.C. at 104, 727 S.E.2d at 414.

Rule 51 of the South Carolina Rules of Civil Procedure provides:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.  The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.  No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection.

> Opportunity shall be given to make the objection out of
> the hearing of the jury.

However, Rule 51 "does not require that the objection to a charge be renewed after the charge is given and prior to the jury's retiring to deliberate.  Instead, it only requires an objection on the record, opportunity for discussion, and a specific ruling by the trial court on the jury charge issue." *Dixon v. Ford*, 362 S.C. 614, 625, 608 S.E.2d 879, 885 (Ct. App. 2005).

Respondents urge us to find that Nelson failed to preserve his jury charge argument.  But our review of the record reveals that during the in camera charge conference, Nelson asked the court to instruct the jury that it could not consider insurance coverage.  Although the court declined to give this charge, it marked Nelson's lengthy request, titled "Forbidding the Consideration of Insurance Coverage," as a court's exhibit.  Then, after closing arguments, the court provided copies of its proposed instructions, which the attorneys agreed were "consistent with what [they] discussed and what [the court] decided in chambers."

While Nelson never argued on the record that he believed the passing reference to insurance in the testimony he elicited from Baughman encouraged the jury to improperly discuss insurance during deliberations, we note the circuit court conducted the charge conference in chambers.  Thus, to the extent additional discussion of Baughman's testimony or the requested instruction may have occurred, it is not in the record.[1]  However, the circuit court marked three court's exhibits, one of which is Nelson's proposed jury charge, and ruled as follows:

> All right.  We're on the record and we've had an informal
> charge conference back in chambers.  The request to
> charge—there were several requests by the Plaintiff that
> the Court decided not to charge and suggested to them [to
> have] their request marked as a Court's exhibit for the
> record to be complete.  We're making the changes that I
> agreed to make and I'll let the lawyers see the charge
> after closing just to make sure that everything's in there
> that needs to be in there.

---

[1] Pretrial, the circuit court granted Respondents' motion in limine seeking to prohibit the use of the word "insurance" at trial despite Nelson's effort to introduce evidence of the insurance company's role in approving K&B Towing's listed drivers.

Later, upon receipt of the jury's question about insurance, Nelson did not argue Baughman's references to "not an insurance company nowhere [sic]" or his ability (or inability) to insure his trucks influenced the jury, but he did renew his request for the specific instruction forbidding the jury from considering insurance. Moreover, in his post-trial motion, Nelson argued in general terms that the jury improperly considered insurance, resulting in a verdict lower than Nelson believed the evidence merited.

We are unable to look back to the specific discussion during the charge conference as it was conducted in chambers and off the record. *Cf. Busillo v. City of North Charleston*, 404 S.C. 604, 608–09, 745 S.E.2d 142, 145 (Ct. App. 2013) ("Because the trial court acknowledged the city's pretrial objection, we look back to that discussion as part of the context from which the trial court could have understood any specific ground for the city's objection."). Still, although there was little argument upon receipt of the jury's note, the circuit court stated again on the record that it declined to give Nelson's requested insurance charge and asked Nelson's counsel whether she would like to have the charge marked as a court's exhibit. Nelson's counsel responded, "Yes, Your Honor. It's already been marked. We're renewing our desire to have it charged." The circuit court then explained, "Very good. And I've indicated, which I've already done, I've written on their note, 'You are to consider only the evidence presented during this trial.'" Accordingly, we find Nelson's argument addressing the requested instruction is preserved for our review.[2]

On the merits, we find the court's general charge as well as the answer it provided in response to the jury's question adequately addressed the substance of the request. *See Burroughs*, 352 S.C. at 391–92, 574 S.E.2d at 220 ("It is not error for the trial judge to refuse a specific request to charge when the substance of the request is included in the general instructions."). The circuit court charged the jury:

> As a trial Judge, it has been my responsibility to preside over the trial of this case and I also have the duty to rule on the admissibility of the evidence offered during this trial. You are to consider only the evidence before you. If there was any testimony ordered stricken from the record during this trial, you must disregard that

---

[2] A better practice would be to conduct the charge conference on the record in the courtroom or, at a minimum, to reassert the arguments made in chambers for the record once the court and counsel return to the courtroom.

testimony. You are to consider only the testimony which has been presented from this witness stand, any exhibits which have been made a part of the record in this case, and any stipulations of counsel.

I have the additional duty to charge you the law that applies to this case. It is your duty as jurors to accept and apply the law as I now state it to you. If you think you have any idea as to what the law is or what the law ought to be and it does not agree with what I tell you the law is, you must forget your idea because you are sworn to accept the law and apply the law exactly as I state it to you.

Although Baughman referenced insurance when responding to Nelson's question about the training his drivers receive, no witness testified as to—or in any way referenced—a payment by any insurance company. Additionally, Nelson neither moved to strike Baughman's testimony nor made any argument on the record before the circuit court as to Baughman's comments. Under these circumstances, where insurance was not the focus of the testimony and there was *no* reference to an insurance payment, we cannot say the circuit court abused its discretion in declining Nelson's request for a specific instruction forbidding the jury from considering insurance coverage or by simply instructing the jury to limit its consideration to the trial evidence.

Furthermore, we are unable to see how Nelson was prejudiced by the circuit court's refusal to give the requested charge. *See Fairchild*, 398 S.C. at 104, 727 S.E.2d at 414 ("To warrant reversal, the refusal to give a requested jury charge must be both erroneous and prejudicial."). The jury heard Nelson's testimony that he incurred medical bills in the amount of $8,008.58, had approximately $11,000 to $12,000 in lost wages, and is unable to enjoy activities he enjoyed prior to the accident. And, although Nelson testified he wanted to seek additional treatment from a neurologist but could not afford the required up-front payment, the jury also heard him admit on cross-examination that he had not sought treatment since Dr. Hunt released him to return to work in April 2016, almost four years before his January 2020 jury trial. Finally, the damages related to the lost wage claim were hotly disputed—Nelson's W-2s from 2015 to 2018 were admitted into evidence and showed a $3,389.00 decrease in his 2016 wages. Thus, evidence supports Respondents' argument that the verdict was well within the range of the trial evidence.

**II.  Motion for New Trial Absolute or New Trial *Nisi Additur***

Nelson next argues the circuit court erred in denying his motion for a new trial absolute or *nisi additur* because the verdict, the jury's question, and other factors demonstrate the jury was influenced by improper considerations, such as the existence of insurance.  We disagree.

The trial court alone has the power to grant a new trial *nisi* when it "finds the amount of the verdict to be merely inadequate or excessive."  *O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993); *see also Carson v. CSX Transp., Inc.*, 400 S.C. 221, 241, 734 S.E.2d 148, 158–59 (2012) (noting appellate court's "abuse of discretion standard for reviewing a circuit court's decision to deny a new trial *nisi additur*").  However, "[i]f the amount of the verdict is *grossly* inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute."  *Id.* at 241, 734 S.E.2d at 159 (quoting *O'Neal*, 314 S.C. at 527, 431 S.E.2d at 556).

Relying on *Dillion v. Frazier*, 383 S.C. 59, 678 S.E.2d 251 (2009), *Waring v. Johnson*, 341 S.C. 248, 533 S.E.2d 906 (Ct. App. 2000), and *Sullivan v. Davis*, 317 S.C. 462, 454 S.E.2d 907 (Ct. App. 1995), Nelson argues the jury was motivated by improper considerations in returning a verdict of only $18,500 in actual damages.  While these cases also involved plaintiffs injured in motor vehicle accidents, their facts—and verdicts—differ markedly from the facts and verdict here.[3]

---

[3] *See Dillon*, 383 S.C. at 65, 678 S.E.2d at 253 (holding the circuit court erred in denying the plaintiff's motion for a new trial because "[t]he jury's award of $6,000 in the face of over $30,000 in undisputed damages is grossly inadequate and demonstrates that the verdict was actuated by improper motivation"); *Waring*, 341 S.C. at 260, 533 S.E.2d at 912 (finding the circuit court properly granted a new trial *nisi additur* because "[t]he jury failed to consider Waring's pain and suffering in reaching its verdict . . . . and, unfortunately, [she] will most likely suffer pain for the remainder of her life"); *Sullivan*, 317 S.C. at 465–67, 454 S.E.2d at 909–11 (holding the circuit court erred in denying a new trial absolute because the $20,000 verdict was "not rationally supported by the evidence," including medical bills totaling $131,157.61 and economic loss of approximately $100,000); *see also Dunn v. Charleston Coca-Cola Bottling Co.*, 311 S.C. 43, 45, 426 S.E.2d 756, 758 (1993) (granting a new trial after improper voir dire interjected issue of insurance into the trial but distinguishing instances "where through inadvertence a comment is made inferring that a defendant is covered by liability insurance"); Rule 411,

It would be possible to interpret the evidence in this case to find Nelson's economic damages totaled $11,397.58, including $8,008.58 in medical bills and $3,389.00 in lost wages as reflected by his 2015 and 2016 W-2s. Nelson presented no medical evidence of future impairment, and his claims of ongoing pain and suffering were contradicted by evidence that he had returned to work, had not received treatment since April 2016, and told his physical therapist around that same time that he was "great" and had "nothing to complain about." For these reasons—and despite the jury's insurance inquiry—we are unable to find the verdict demonstrates the jury failed to follow the court's instruction to "consider only the evidence presented during this trial."

Because the undisputed medical bills and disputed lost wages figure can be accounted for within the jury's $18,500 verdict and the trial evidence supports the jury's award, we find the circuit court did not abuse its discretion in denying Nelson's motion for a new trial *nisi additur* or new trial absolute.

**Conclusion**

Based on the foregoing and mindful of our standard of review, the order of the circuit court is

**AFFIRMED.**

**THOMAS and HEWITT, JJ., concur.**

---

SCRE ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.").