1572

William PAGE, Appellant v. William Troy CRISP and Inman Paving Company, Inc., Respondents.

(399 S.E. (2d) 161)

Court of Appeals

*Edward R. Cole,* of *Drennan, Shelor, Cole & Evins, P.A.,*

Spartanburg, *for appellant.*

*William L. Duncan,* of *Butler, Means, Evins & Browne,* Spartanburg, *for respondents.*

Heard Oct. 16, 1990.

Decided Nov. 26, 1990.

*Per Curiam:*

In two separate tort actions Plaintiff, Marlene P. Page, sued Defendants, William Troy Crisp and Inman Paving Company, Inc., for personal injury damages growing out of a motor vehicle collision, while simultaneously her husband, William Page, brought an action against the same Defendants for loss of consortium.

The two actions were consolidated for trial, and prior to the commencement of the trial the Defendants admitted liability. The jury wrote a verdict in favor of the wife for $44,000 representing compensation for her personal injuries. The same jury simultaneously found for her husband "zero dollars." The case of the wife is not on appeal. The husband appeals alleging error on the part of the trial judge in refusing to instruct the jury, after the verdict, to return to the jury room and write a verdict in his favor. We reverse.

## FACTS

The seriousness of the wife's injury is reflected in the $44,000 jury award. The husband testified relative to the changes which her injuries had brought about in their daily lives and relationship, and testified that his ". . . sex life, it is just put on a back burner."

## DISCUSSION

When liability is admitted, as in this case, a Plaintiff is entitled to an award unless proof completely fails. It is appropriate for the judge in his charge to tell the jury that a Plaintiff is entitled to an award as a matter of law—leaving to the jury whether actual damages alone or actual and punitive damages should be awarded. A motion for a directed verdict would accordingly be appropriate and should be granted.

Understandably a motion for a directed verdict on behalf of

the husband may not have been made at the close of the evidence since liability was admitted. We recognize that a jury is not required to believe testimony when reasonable persons could disagree as to facts, but it is not permitted to disbelieve testimony unless there is good reason for questioning the credibility of the witnesses. Here liability was admitted. The evidence relative to damages sustained by the husband was not disputed nor contested. We have searched the record and find no reason to discredit the husband's testimony. The damages to which he testified were reasonably to have been expected given the injuries and damages which his wife sustained. He was entitled to a verdict in some amount as a matter of law. Argument of counsel that his consortium loss might be attributed to a previous accident is simply not supported by the evidence.

After the jury verdict denying the husband an award was published, counsel requested the judge to send the jury back to the jury room with instructions to write a verdict in his favor. This was the equivalent to a motion for a directed verdict. The judge refused the motion and at a later date issued a similar ruling on a motion made under Rule 59(e) SCRCP.

The claim of the wife and the husband involved two separate lawsuits. Each litigant was entitled to a verdict based on the law and the evidence. Independent of the fact that the verdicts were patently irreconcilably inconsistent, we hold that the husband was entitled to an award in some amount as a matter of law.

Reversed and remanded.