**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 96-2157**

———————

CYNTHIA LOROENE BROWN,

Plaintiff - Appellant,

versus

PHILLIP FRAZIER,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Robert S. Carr, Magistrate Judge.
(CA-95-3246-9-19)

———————

Submitted:  February 3, 1998        Decided:  February 18, 1998

———————

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Cynthia Loroene Brown, Appellant Pro Se.  Stephen Peterson Groves,
Sr., Randell Croft Stoney, Jr., YOUNG, CLEMENT, RIVERS & TISDALE,
Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Cynthia L. Brown appeals the magistrate judge's[*] orders entered in accordance with a jury verdict that she was entitled to "zero dollars" in damages in a personal injury action and denying her Fed. R. Civ. P. 59(a) motion. At trial, the Defendant conceded liability but contested Brown's damages. The evidence at trial revealed that a car driven by the Defendant and traveling at less than five miles per hour rear-ended a truck driven by Brown. Immediately after the accident, Brown informed the Defendant that she was fine; however, several weeks later, she claimed to have sustained injuries during the accident. After entry of judgment pursuant to the jury's verdict, Brown moved for a new trial. In his opinion denying the motion, the magistrate judge characterized as "incredible" Brown's testimony concerning her claimed injuries. Our review of the record reveals that Brown's proof of damages completely failed. We therefore affirm. See Page v. Crisp, 399 S.E.2d 161, 126 (S.C. Ct. App. 1990). We dispense with oral argument because the facts and legal arguments are adequately presented in the material before the court and argument would not significantly aid the decisional process.

---

[*] The parties consented to the jurisdiction of the magistrate judge. See 28 U.S.C. § 636(c)(1) (1994).

2

AFFIRMED