647 S.E.2d 197

**John David LEE and Kathleen Newman Lee, Respondents,**

v.

**Robert Allen BUNCH, Petitioner.**

**No. 26334.**

Supreme Court of South Carolina.

Heard April 3, 2007.

Decided June 11, 2007.

Rehearing Denied July 19, 2007.

656

Donnell G. Jennings and R. Hawthorne Barrett, both of Turner, Padget, Graham & Laney, of Columbia, for Petitioner.

Stephen B. Samuels and Joseph R. Dasta, both of McWhirter, Bellinger & Associates, of Lexington, for Respondents.

Justice PLEICONES:

We granted certiorari to review the Court of Appeals' decision in *Lee v. Bunch*, Op. No.2004–UP–550 (S.C. Ct.App. filed October 27, 2004), in which the court ordered a new trial due to the trial court's failure to exclude evidence of plaintiff's pre-accident alcohol consumption. We reverse the Court of Appeals and reinstate the original jury verdicts in favor of Bunch.

## FACTS

This case arises out of a 1997 traffic accident involving John David Lee (Lee) and Robert Allen Bunch (Bunch). The motorcycle driven by Lee hit the driver's side of Bunch's automobile, as Bunch was moving perpendicularly across Old Dunbar Road, a two-lane highway in Lexington County.

The parties presented conflicting accounts of how the accident happened. Lee claimed that Bunch negligently attempted a U-turn or three-point turn from the right shoulder of the road where his car had been parked, while Bunch testified he was trying to make a left turn from the roadway into the parking lot of his fiancé's place of employment, Johnny B's Bar and Grill. The parties also disputed the time of the

accident, with Bunch claiming the collision occurred at "dusk-dark"[1] and Lee contending it occurred around 10:30 p.m.

Lee suffered numerous broken bones, a head injury, and a severe groin injury as a result of the accident. Trooper P.A. Nelson of the South Carolina Highway Patrol was the investigating officer and met with Lee later that night in the emergency room. During their conversation, Trooper Nelson smelled alcohol on Lee and requested a blood sample be drawn. The test conducted by SLED indicated Lee had a blood alcohol level of 0.036%.

At a pre-trial hearing, Lee moved to exclude any evidence of his alcohol consumption. The trial court denied the motion, finding Lee's alcohol consumption would be probative as to the determination of liability.[2]

Lee later testified that he left a family birthday party at Murray's Bar and Grill shortly before the accident occurred. He recalled having two liquor drinks along with dinner. Lee stated he was on his way to the Skyline Club, a bar and dance hall, when he collided with Bunch. After Lee's testimony, Bunch moved to amend his answer to include the affirmative defense of comparative negligence. The trial court later granted the motion.

The jury returned a defense verdict, assigning 70% of the fault to Lee and 30% to Bunch. The jury also returned a verdict in favor of Bunch on Mrs. Lee's loss of consortium claim. The trial court ruled that the verdicts were inconsistent because Mrs. Lee was entitled to recover damages due to the jury's finding that Bunch was partially negligent.[3] The

---

1. On cross-examination, Bunch admitted that in his deposition, he recalled the accident occurring in the "daytime." However, both in his deposition and at trial, Bunch stated that he was not exactly sure what time the accident happened.

2. The trial judge stated, "I think it's probative as to the fact as to whether or not [Lee's] version of the facts is true, because a jury would be wondering, well, why would this guy just run into the side of this car, and if [Bunch's] version is true, and one possible explanation is, well, he'd been drinking."

3. On Mr. Lee's verdict form the jury answered "yes" to the question, "Do you find that the defendant was negligent and that his negligence proximately caused the plaintiff's injuries?"

trial judge then instructed the jury to determine some amount of damages for Mrs. Lee. After deliberating again, the jury awarded a total of $9,000.00 to Mrs. Lee.

Each party appealed to the Court of Appeals. The Court of Appeals reversed the trial court's decision to allow evidence of Lee's pre-accident alcohol consumption and remanded for a new trial. The Court of Appeals did not address the other issues raised by Bunch or Mrs. Lee.

## ISSUE

Did the Court of Appeals err in reversing the trial court's decision to allow evidence of Lee's pre-accident alcohol consumption?

## ANALYSIS

The trial court analyzed the admissibility of the alcohol evidence under Rule 403, SCRE. An appellate court reviews Rule 403 rulings pursuant to an abuse of discretion standard and gives great deference to the trial court. *State v. Myers,* 359 S.C. 40, 48, 596 S.E.2d 488, 492 (2004). *See also State v. Adams,* 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct.App.2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.").

The Court of Appeals found that the probative value of Lee's alcohol consumption was at best, slight. The court focused on the fact that Lee's blood alcohol level was under the legal limit pursuant to the driving under the influence (DUI) statute.[4] Furthermore, the Court of Appeals emphasized that no specific evidence was presented to show Lee's impairment.

Although Lee's blood alcohol level did not implicate a criminal DUI offense, testimony of Bunch's experts constituted probative evidence of Lee's impairment that arguably contributed to the accident. Bunch's experts, relying on the blood alcohol level of 0.036% taken several hours after the accident occurred, estimated that Lee's blood alcohol level at the time

---

4. S.C.Code Ann. § 56–5–2950 (Supp.2006). At the time of the accident, the legal blood alcohol limit in South Carolina was 0.10%.

of the collision was closer to 0.066%–0.096%. At that level, according to Bunch's experts, Lee's alcohol consumption would have negatively affected Lee's judgment and his ability to multi-task, thus impairing his motorcycle driving skills.

Other evidence tended to show Lee was carelessly operating his motorcycle when the accident occurred. An eyewitness to the accident, Chong Abernathy, estimated Lee's speed at 40–45 miles per hour, which was five to ten miles per hours over the posted limit on that road. In addition, Trooper Nelson concluded that the impact occurred left of the center line.

Because there is evidence that supports Bunch's argument that alcohol affected Lee's ability to safely operate his motorcycle, this case differs from *Kennedy v. Griffin,* 358 S.C. 122, 595 S.E.2d 248 (Ct.App.2004), which was relied upon by the Court of Appeals. In *Kennedy,* the Court of Appeals held that evidence of the mere presence of marijuana in the plaintiff's system, without further indication of impairment, could mislead the jury and should have been excluded under Rule 403. In this case, however, Lee admitted drinking shortly before the accident and there was additional proof of impairment, albeit by inference. *See Gulledge v. McLaughlin,* 328 S.C. 504, 492 S.E.2d 816 (Ct.App.1997) (holding blood alcohol level relevant and thus admissible because corroborating evidence, including circumstances of accident, supported claim that driver was impaired).

The expert evidence concerning Lee's potential impairment, coupled with evidence of speeding and a point of impact left of the center line, supports the trial court's decision to deny Lee's motion to exclude alcohol evidence under Rule 403, SCRE. The circumstances surrounding Bunch's version of the accident, i.e. that Lee inexplicably ran into Bunch's automobile, would be more probable if Lee was impaired. Even though the admission of alcohol evidence was prejudicial to Lee, the prejudice did not substantially outweigh the probative value of the alcohol evidence in determining fault.

Accordingly, the trial court did not abuse its discretion by refusing to deny Lee's motion under Rule 403, SCRE. The Court of Appeals erred in reversing the trial court and ordering a new trial. Because the parties raised additional

issues which were not addressed by the Court of Appeals, we briefly address those issues.

## Amendment of Bunch's Answer

■ Lee argues the trial court erred in allowing Bunch to amend his answer to include the affirmative defense of comparative negligence. We disagree.

At a pre-trial hearing, the trial court ruled that Bunch would be permitted to introduce evidence of Lee's alcohol consumption. On the second day of trial and after Lee's testimony, Bunch moved to amend his answer to assert the affirmative defense of comparative negligence. The trial court later heard arguments on the motion and then granted the motion to amend, citing a lack of prejudice to the plaintiffs.

■ The failure to plead an affirmative defense is deemed a waiver of the right to assert it. *Whitehead v. State,* 352 S.C. 215, 220, 574 S.E.2d 200, 202 (2002). Rule 15(b), SCRCP, provides an exception to the waiver rule by permitting a party to amend his pleadings to conform to the evidence. The rule provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings ... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits ...

Rule 15(b), SCRCP. The circuit court is to freely grant leave to amend when justice requires, and there is no prejudice to any other party. *Harvey v. Strickland,* 350 S.C. 303, 313, 566 S.E.2d 529, 535 (2002). A motion to amend is addressed to the sound discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice. *Id.* Amendments to conform to the proof should be liberally allowed when no prejudice to the opposing party will result. *Id.*

At trial, the degree of Lee's fault clearly became an issue in this case. Although Lee did not consent to the introduction of alcohol into the case, Lee never objected to the evidence of his speeding nor his driving left of center. Thus, comparative negligence was tried by implied consent because the parties addressed an issue not raised in the pleadings that later entered the case. *See Sunvillas Homeowners Assn., Inc. v. Square D. Co.,* 301 S.C. 330, 335, 391 S.E.2d 868, 871 (Ct.App. 1990); *Fraternal Order of Police v. S.C. Dept. of Revenue,* 352 S.C. 420, 435, 574 S.E.2d 717, 725 (2002) ("In order to be tried by implied consent, the issue must have been discussed extensively at trial.").

The question then becomes whether Lee suffered any prejudice by allowing Bunch to amend his answer to include comparative negligence. Lee argues that even if we find he consented to a trial on comparative negligence, he was still prejudiced by the amendment. We disagree.

■■ The prejudice that would warrant denial of a motion to amend the pleadings is a lack of notice that a new issue is to be tried and a lack of opportunity to refute it. *Collins Entertainment, Inc. v. White,* 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct.App.2005). Prejudice occurs when the amendment states a new defense which would require the opposing party to introduce additional or different evidence to prevail in the amended action. *Ball v. Canadian Am. Exp. Co.,* 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct.App.1994).

Although the issue of comparative negligence was not specifically part of the case until after Lee presented his case, there is no indication that Lee would have presented additional or different evidence especially geared towards comparative negligence. First, Lee was well aware that alcohol would be an issue in the case by virtue of the trial court's pre-trial hearing, and he undoubtedly attempted to present a case that minimized the effect his alcohol consumption might have in assigning fault. Secondly, Lee claims that he was not allowed to question two eyewitnesses, Greg Jones and Chong Abernathy, concerning excessive speed and driving left of the center line because they had been released from their subpoenas before Bunch amended his answer. However, both Jones and Abernathy testified extensively as to where Bunch and Lee

were situated at the time of the accident, and Abernathy was the first witness to mention Lee's speeding. Finally, Lee presented his own expert witness in rebuttal to counter Bunch's expert witnesses. Accordingly, Lee has failed to prove prejudice by the amendment of Bunch's answer to include the defense of comparative negligence.

### Inconsistent Verdicts

On Lee's claim, the jury returned a verdict of comparative negligence, assigning 70% of the fault to Lee and 30% to Bunch. On a separate verdict form, the jury returned a defense verdict in favor of Bunch on Mrs. Lee's loss of consortium claim. The trial court, over Bunch's objection, found the verdicts to be inconsistent because the jury found Bunch to be 30% negligent, which would require an award of some amount to Mrs. Lee due to her lack of fault. The trial judge sent Mrs. Lee's case back to the jury with an instruction that the jury must award some amount other than zero.

Bunch contends that the trial court erred in finding inconsistent verdicts and instructing the jury to award some amount of damages to Mrs. Lee. He argues that the original defense verdict on Mrs. Lee's loss of consortium claim should be reinstated. We agree.

The original verdicts were consistent. In South Carolina, claims for personal injuries and for loss of consortium are separate and distinct. *Daves v. Cleary,* 355 S.C. 216, 231, 584 S.E.2d 423, 430 (Ct.App.2003) (citing *Graham v. Whitaker,* 282 S.C. 393, 397, 321 S.E.2d 40, 43 (1984)). Moreover, it is not inconsistent for the jury to return a verdict for the injured spouse on the primary claim and a verdict for the defendant on the loss of consortium claim. *See Craven v. Cunningham,* 292 S.C. 441, 443, 357 S.E.2d 23, 25 (1987) (jury's award to injured spouse while denying wife's consortium claim was consistent because wife's claim was contested throughout trial); *Burroughs v. Worsham,* 352 S.C. 382, 574 S.E.2d 215 (S.C.App.2002) ("[W]e find this is not sufficient to say that a plaintiff's verdict on wrongful death and a defense verdict on loss of consortium are inconsistent."); *Daves, supra* (after finding for injured husband on medical malpractice claim, it was not inconsistent for jury to find for defendant on wife's

consortium claim because "the jury obviously rejected her testimony, as was their prerogative.").

If it is proper for the jury to deny a loss of consortium claim when it has found the defendant liable on the primary claim, the jury could consistently return a defense verdict on Mrs. Lee's consortium claim when it found in favor of the defendant on the primary claim. However, two prior cases have found that a spouse claiming loss of consortium should have been awarded damages by virtue of a verdict in favor of the injured spouse. *See Page v. Crisp*, 303 S.C. 117, 399 S.E.2d 161 (Ct.App.1990); *Sullivan v. Davis*, 317 S.C. 462, 454 S.E.2d 907 (Ct.App.1995). These cases differ from the present case.

In *Page* and *Sullivan*, the defendant was liable on the primary claim. Here, the jury determined Bunch was not liable on Lee's primary negligence claim. As such, Bunch should not be forced to pay all of Mrs. Lee's damages if he only contributed 30% to the accident. "Generally, a plaintiff spouse's claim for loss of consortium fails if the impaired spouse's claim fails, whether the claim is considered separate and independent from the impaired spouse's claim or derivative in nature." 41 Am.Jur.2d *Husband and Wife* § 227 (2007) (citing *Smith v. Ridgeway Chem., Inc.*, 302 S.C. 303, 395 S.E.2d 742 (Ct.App.1990) (holding husband could not recover on loss of consortium because the jury found that the wife was not entitled to recover on her strict liability claim)). Bunch also contested some of Mrs. Lee's testimony in regards to her lost wages. *See Craven, supra.* Accordingly, because the original verdicts were not inconsistent, the trial court erred in re-submitting Mrs. Lee's consortium claim to the jury.

We address Lee's remaining issues and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 1 (directed verdict/JNOV): *Strange v. S.C. Dept. of Hwy. and Pub. Transp.*, 314 S.C. 427, 445 S.E.2d 439 (1994) (motions for directed verdict and JNOV should be denied where either the evidence yields more than one inference or its inference is in doubt); and Issue 2 (jury charge on negligence per se): *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 514 S.E.2d 570 (1999) (a jury charge is correct if, when the

charge is read as a whole, it contains the correct definition and adequately covers the law).

## CONCLUSION

We reverse the Court of Appeals and hold that the trial court properly allowed evidence of Lee's pre-accident alcohol consumption. We also affirm the trial court's decision to allow Bunch to amend his answer. Finally, we reverse the trial court and hold that the original defense verdicts in favor of Bunch on both the primary negligence claim and the loss of consortium claim are not inconsistent. Accordingly, we reinstate both verdicts, including the loss of consortium defense verdict in favor of Bunch.

**REVERSED IN PART; AFFIRMED IN PART.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.