**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Joy J. and Reginald J., Defendants,

Of whom Joy J. is the Appellant,

In the interest of a minor child under the age of eighteen years.

Appellate Case No. 2012-212721

———————————

Appeal From Lexington County
Dale Moore Gable, Family Court Judge

———————————

Unpublished Opinion No. 2013-UP-115
Submitted February 28, 2013 – Filed March 13, 2013

———————————

**AFFIRMED**

———————————

Margaret A. Collins, of Collins & Burkett Law Firm, LLC, of West Columbia, and Thornwell F. Sowell, III, Tina Marie Cundari, Roland M. Franklin, Jr., and William Hammond Jordan, all of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Appellant.

Claude Robin Chandler and Catherine Fant, both of the
South Carolina Department of Social Services, of
Lexington, for Respondent.

Daun C. Steigner and David Kellum Allen, both of
Williams Hendrix Steigner & Brink, P.A., of Lexington,
for Guardian ad Litem.

———————————

**PER CURIAM:** Joy J. (Mother) appeals the termination of her parental rights to her minor child (Child), arguing the family court erred in finding clear and convincing evidence supported three grounds for termination of parental rights (TPR). Additionally, Mother argues the family court erred in allowing DSS to amend its complaint at trial to add an additional statutory ground for TPR. We affirm.[1]

"[B]efore parental rights can be forever terminated, the alleged grounds for the termination must be established by clear and convincing evidence." *Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 224, 721 S.E.2d 768, 772 (2011). On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011). The burden is upon the appellant to convince this court that the family court erred in its findings. *Id.* at 391, 709 S.E.2d at 655. The family court may order TPR upon finding one or more of eleven statutory grounds satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2012). In a TPR action, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Mother willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570(4) (2010) (stating a statutory ground for

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

TPR is met where "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child"). Here, Child has lived outside the home for well over six months. Mother has not supported Child other than buying one lunch, which is not a material contribution. *See S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011) (finding occasionally providing child with food and other items does not constitute a material contribution); S.C. Code Ann. § 63-7-2570(4) ("Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means."). Additionally, during the times Mother was not incarcerated, she earned income, yet failed to pay child support. Moreover, Mother's repeated incarceration and failure to rehabilitate "manifests a conscious indifference to the rights of the child to receive support and consortium from the parent." *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006) ("Willful conduct is conduct that evinces a settled purpose to forego parental duties . . . because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent." (citation and quotation marks omitted)). Accordingly, the family court did not err in finding Mother willfully failed to support Child.

We find clear and convincing evidence shows Mother failed to remedy the conditions which caused Child's removal. *See* S.C. Code Ann. § 63-7-2570(2) (2010) (stating a statutory ground for TPR is met where "[t]he child . . . has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). DSS removed Child from Mother for lack of supervision and failure to maintain stable housing after she left Child unsupervised at a women's shelter for four hours. In December 2010, Mother agreed to a placement plan, which required her to do the following within thirty days after her release from incarceration: (1) cooperate with DSS; (2) enroll in and successfully complete parenting classes; (3) receive a substance abuse evaluation; (4) secure and maintain stable housing for six consecutive months; (5) secure and maintain stable employment for six consecutive months; and (6) pay child support in the amount of one hundred dollars per month. Mother failed to successfully complete parenting classes and also failed to receive a substance abuse evaluation within thirty days of her release from incarceration in March 2011. Furthermore, Mother also failed to obtain stable housing and stable employment. Finally, Mother failed to pay child

support.  Accordingly, the family court did not err in finding Mother failed to remedy the conditions which caused Child's removal.

We find clear and convincing evidence shows Child had been in foster care for fifteen of the most recent twenty-two months.  *See* § 63-7-2570(8) (2010) (stating a statutory ground for TPR is satisfied when the child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months).  At the time of the TPR hearing, Child had lived in foster care for twenty-four consecutive months.  Additionally, we disagree with Mother's argument that circumstances exist that render TPR improper under this statutory ground.  *See Marccuci*, 396 S.C. at 227, 721 S.E.2d at 773 (finding TPR was improper under the ground that the minor child had been in foster care for at least fifteen of the most recent twenty-two months where multiple continuance requests by DSS "stymied" father from regaining custody prior to the end of the fifteen month period).  Unlike *Marccuci*, Child has remained continuously in foster care because Mother has been incarcerated for nineteen of the last twenty-four months.  Additionally, any delays in this litigation are attributable to both parties.  Specifically, DSS received a two-week continuance on November 14, 2011, and a one-month continuance on August 4, 2010.  Likewise, Mother's counsel received a two-month continuance on November 28, 2011, and a six-week continuance on May 7, 2012.  Accordingly, clear and convincing evidence supports TPR on this ground.[2]

---

[2] We find the family court did not err in allowing DSS to amend its complaint at the TPR hearing to add this ground for TPR.  *See* Rule 15(a), SCRCP (stating leave to amend a pleading "shall be freely given when justice so requires and does not prejudice any other party"); *Armstrong v. Collins*, 366 S.C. 204, 228, 621 S.E.2d 368, 380 (Ct. App. 2005) ("The prejudice that Rule 15 contemplates is lack of notice that the new issue is to be tried and lack of a full opportunity to introduce testimony to refute it."); *Lee v. Bunch*, 373 S.C. 654, 661, 647 S.E.2d 197, 201 (2007) (finding no prejudice where there was no indication the party opposing the amendment would have presented additional or different evidence related to the new issue).  Additionally, any argument that DSS should have been estopped from amending its complaint is not preserved for our review.  *See Barrow v. Barrow*, 394 S.C. 603, 615, 716 S.E.2d 302, 309 (Ct. App. 2011) (holding an argument not raised to the family court either at trial or in a Rule 59(e), SCRCP, motion is not preserved for review).  Furthermore, even if the family court erred by allowing the amendment or failing to comply with Rule 15(b), SCRCP, and "stat[ing] in the

We find clear and convincing evidence in the record shows TPR was in Child's best interest. The best interest of the child is the paramount consideration. *Smith*, 343 S.C. at 133, 538 S.E.2d at 287. "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620. Mother's incarceration has caused Child to spend almost half of her life in foster care. During this time, Child has thrived in a stable environment. Child is enrolled in pre-adoptive placement and enjoys a strong bond with her prospective adoptive parents. Additionally, the Guardian ad Litem opined TPR was in Child's best interest. Accordingly, we find clear and convincing evidence that TPR is in Child's best interest.

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

record the reason or reasons for allowing the amendment," any error would not affect the outcome of this case because there are other sufficient grounds to support TPR. *See* S.C. Code Ann. § 63-7-2570 (stating the family court may order TPR upon finding *one* or more of eleven statutory grounds satisfied and also finding TPR is in the best interest of the child (emphasis added)).