**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Judson Stanley, Appellant.

Appellate Case No. 2015-001628

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-030
Submitted October 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Appellate Defender Robert M. Pachak, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Jimmy A. Richardson, II,
of Conway, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The
trial judge has considerable latitude in ruling on the admissibility of evidence and

his decision should not be disturbed absent prejudicial abuse of discretion."); *State v. Weaverling*, 337 S.C. 460, 467-68, 523 S.E.2d 787, 791 (Ct. App. 1999) ("[Evidence of prior crimes is admissible] when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the perpetrator."); *id.* at 468, 523 S.E.2d at 791 ("Even if the evidence . . . falls within a *Lyle*[1] exception, the judge must exclude it if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant."); *State v. Stokes*, 381 S.C. 390, 404-05, 673 S.E.2d 434, 441 (2009) ("[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case."); *Lee v. Bunch*, 373 S.C. 654, 658, 647 S.E.2d 197, 199 (2007) ("An appellate court reviews Rule 403[, SCRE,] rulings pursuant to an abuse of discretion standard and gives great deference to the trial court."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.").[2]

**AFFIRMED.**[3]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

[2] We note Appellant's argument that evidence of his prior convictions was not properly admitted under Rule 404(b), SCRE, and *Lyle* because it amounted to impeachment evidence and should not have been admitted until he testified is not preserved for this court's review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.