**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jim Washington, Appellant,

v.

Trident Medical Center, Respondent.

Appellate Case No. 2016-000495

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-006
Submitted November 1, 2017 – Filed January 10, 2018

**AFFIRMED**

Jim Washington, of Eutawville, pro se.

C. Mitchell Brown, of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and David H. Batten, of Batten Lee PLLC, of Raleigh, North Carolina, all for Respondent.

**PER CURIAM:** Jim Washington appeals an order from the circuit court granting Trident Medical Center's motion to dismiss for failure to comply with the presuit requirements in section 15-79-125(A) of the South Carolina Code (Supp. 2017). On appeal, Washington argues the circuit court erred by (1) granting Trident's

motion to dismiss because he filed a timely Notice of Intent to File Suit and a contemporaneous expert witness affidavit as required by section 15-79-125(A), and (2) denying him leave to amend his complaint to state a second theory of recovery. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in dismissing Washington's complaint pursuant to Rule 12(b)(6), SCRCP: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 446, 499 (Ct. App. 2001))); S.C. Code Ann. § 15-79-125(A) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in [s]ection 15-36-100 . . . .").

2. As to whether the circuit court erred in denying Washington leave to amend his complaint: *Lee v. Bunch*, 373 S.C. 654, 660, 647 S.E.2d 197, 200 (2007) ("A motion to amend is addressed to the sound discretion of the [circuit court], and the party opposing the motion has the burden of establishing prejudice."); S.C. Code Ann. § 15-36-100(F) (Supp. 2017) ("If a plaintiff fails to file an affidavit as required by this section, and the defendant raises the failure to file an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleadings, the complaint is not subject to renewal after the expiration of the applicable period of limitation unless a court determines that the plaintiff had the requisite affidavit within the time required pursuant to this section and the failure to file the affidavit is the result of a mistake."); S.C. Code Ann. § 15-3-545(A) (2005) ("[A]ny action . . . to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by any licensed health care provider . . . must be commenced within three years from the date of treatment, omission, or operation giving rise to the cause of action . . . .").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.