**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosa S. St. Gelais, Appellant,

v.

Julius L. Leary, Respondent.

Appellate Case No. 2018-000897

———————

Appeal From Greenwood County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-059
Submitted December 1, 2020 – Filed March 3, 2021

———————

**REVERSED AND REMANDED**

———————

Robert Jamison Tinsley, Jr., of Greenwood, for
Appellant.

Grenville D. Morgan, Jr., of McAngus Goudelock &
Courie, LLC, of Greenville, for Respondent.

———————

**HEWITT, J.:** This is an appeal from a defense verdict in a wreck case. At counsel's urging, the circuit court admitted testimony about an emergency room report appearing to show the plaintiff's urine tested positive for marijuana after the wreck.

There was no evidence about the level of marijuana detected and no testimony tending to show the plaintiff was impaired. We read precedent to say the evidence should not have been admitted. Thus, we reverse and remand for a new trial.

## BACKGROUND

The wreck happened in Greenwood in 2013. Everyone agrees Rosa St. Gelais was stopped at a stoplight when Dr. Julius Leary rear-ended her vehicle with his vehicle.

The central dispute at trial was whether the collision injured Gelais. She testified she thought Dr. Leary was driving "pretty fast." Dr. Leary disagreed and estimated he was going no more than two or three miles per hour.

Gelais went to the emergency room immediately after the wreck, saw her personal doctor a few times after that, did some physical therapy, and eventually received some injections for pain relief. She claimed roughly $23,000 in expenses were related to this incident. About $15,000 of those came from the emergency room.

Dr. Leary—the defendant—is a practicing gynecologist. He has areas of medical expertise, but the defense did not offer him as an expert witness. Dr. Leary testified Gelais was hysterical after the wreck, acting odd, and he believed her response was exaggerated and abnormal. He said this motivated him to ask for Gelais's emergency room records, at which point he saw the urine screen showing Gelais "had marijuana in her system."

The circuit court allowed testimony about the urine screen for the purpose of explaining the dizziness Gelais claimed she had after the wreck. The court forecasted this ruling when the parties argued this issue immediately before the start of trial. The court also gave the jury an instruction to this effect during the trial.

Gelais told the jury she was not aware of the test result and did not agree with it. Dr. Leary told the jury that marijuana is a "mind-altering drug" and that he believed Gelais's exaggerated perception of the collision caused the emergency room to run an excessive amount of tests on her.

The jury found Gelais did not prove Dr. Leary's negligence caused any damages.

## ANALYSIS

The relevant precedents are a line of cases that includes *Lee v. Bunch*, 373 S.C. 654, 647 S.E.2d 197 (2007); *State v. Horton*, 359 S.C. 555, 598 S.E.2d 279 (Ct. App. 2004); and *Kennedy v. Griffin*, 358 S.C. 122, 595 S.E.2d 248 (Ct. App. 2004). Two

of these cases (*Lee* and *Horton*) allowed drug or alcohol test results because there was a showing of impairment (as opposed to a substance's mere presence) via the tests themselves or through other evidence. *Kennedy* reversed a defense verdict and held drug test results should have been excluded because of the absence of "impairment evidence" and the significant danger of misleading the jury. 358 S.C. at 128, 595 S.E.2d at 251.

We agree with Gelais that *Kennedy* is the closest case to this one. There, as here, the case arose out of a motor vehicle accident. There, as here, the appeal was from a defense verdict. There, as here, there was no evidence of the amount of marijuana in the plaintiff's system.

We perceive the defense as trying to distinguish *Kennedy* on two grounds. First, the defense claims the drug test was not offered to show impairment, but for impeachment. We do not see this as a distinction that holds up. There is no doubting the defense attacked Gelais's credibility and was effective in doing so. Gelais guessed Dr. Leary was travelling in excess of 35 miles per hour when his vehicle struck hers and that is wildly out-of-step with the physical evidence. Still, there is no getting around the fact that the defense's lead argument was impairment. That was the core point of Dr. Leary's testimony when he opined Gelais had an altered mind and did not accurately perceive the collision.

The defense also claims Dr. Leary's testimony that Gelais was acting strangely after the wreck is corroborating evidence of Gelais's impairment. We disagree. Dr. Leary was not qualified as an expert and there was no expert testimony at trial about general symptoms of impairment or impairment related to using marijuana. *Kennedy* rejected the argument that evidence of a delay in braking suggested the plaintiff was driving under the influence. 358 S.C. at 128, 595 S.E.2d at 251. We think the same is true of Dr. Leary's perception that Gelais had an exaggerated and hysterical response after the wreck.

The trial court mentioned in its ruling that it was allowing the test result to rebut any attempt by Gelais to claim as damages "dizziness or any symptoms that could be attributable to marijuana" and instructed the jury that it could not consider the evidence for any other purpose. That varies from *Kennedy*, which turned on the lack of evidence connecting a bare test result with impaired judgment, but the result is still the same. The key feature uniting the cases is the low probative value associated with a test result that shows nothing more than a substance's mere presence. As in *Kennedy*, no drugs or drug paraphernalia were found at this scene. Dr. Leary did not flatly testify that Gelais appeared intoxicated or "high." *Kennedy*'s core feature is that there is too great a risk the jury will speculate when presented with evidence the

plaintiff had some unspecified amount of an intoxicating substance in his or her system. This is precisely the thing Rules 401 and 403, SCRE, are designed to prevent.

Dr. Leary's brief repeatedly claims the positive test here was verified by repeat analysis, but unless we are misreading the record, that is wrong; the report confusingly says "positive not confirmed verified by repeat analysis."

We review evidentiary rulings for abuse of discretion, but the precedents we have mentioned explain that absent corroborating evidence showing impairment, this sort of evidence should not be admitted. We also will not reverse for harmless errors, but again, we cannot hold this error harmless when the core thrust of *Kennedy* is that there is a serious risk "evidence of the mere presence of marijuana, without further indication of impairment," will mislead the jury. 358 S.C. at 128, 595 S.E.2d at 251.

**REVERSED AND REMANDED.**[1]

**THOMAS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.