**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Janira L. Perez, Trenton Lightsey, and Shelly Batiste,
Defendants,

Of whom Janira L. Perez is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2025-000075

———————

Appeal From Orangeburg County
Randall E. McGee, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-403
Submitted December 2, 2025 – Filed December 4, 2025

———————

**AFFIRMED**

———————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Rock Hill, for Appellant.

Patrick A. McWilliams, of the South Carolina Department of Social Services, of Orangeburg, for Respondent.

Wendy Marlenea Bowen, of Columbia, for the Guardian
ad Litem.

---

**PER CURIAM:**  Janira L. Perez (Mother) appeals a family court order finding she abused or neglected her six children (collectively, Children), relieving the Department of Social Services (DSS) of providing reasonable efforts at reunification, and ordering a permanent plan of termination of parental rights (TPR) and adoption.  On appeal, Mother argues the family court erred in allowing DSS to forego reasonable efforts at reunification because (1) DSS failed to properly notice her of its intent to seek relief from further services and (2) allowing the agency to forego reasonable efforts to reunify her with Children was not in Children's best interests.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the family court did not err in concluding section 63-7-1640 of the South Carolina Code (Supp. 2025) did not require DSS to provide written notice of its intent to be relieved of offering services.  *See Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019) ("On appeal from the family court, the appellate court reviews factual and legal issues de novo.").  Initially, we note section 63-7-1640 does not contain a written notice requirement, and the statutes governing Mother's combined merits removal and permanency planning hearing direct the family court to consider at each stage whether reunification efforts are required.  *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 8, 809 S.E.2d 223, 226 (2018) ("Appellate courts must follow a statute's plain and unambiguous language, and when the language is clear, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581)); § 63-7-1640(B) ("The family court may rule on whether reasonable efforts to preserve or reunify a family should be required in hearings regarding removal of custody, review of amendments to a placement plan, review of the status of a child in foster care, or permanency planning or in a separate proceeding for this purpose."); *id.* ("The court may consider this issue on the motion of a named party, the child's [GAL], or the foster care review board . . . ."); § 63-7-1640(C)(1), (8) (stating "the family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines that one or more of" several conditions exist, including that "the parent has subjected the child or another child while residing in the parent's domicile to . . . (a) severe or repeated abuse; [or] (b)

severe or repeated neglect," or "other circumstances exist that the court finds make continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the permanent plan for the child"); S.C. Code Ann. § 63-7-1660(C)(3) (2010) (directing that a petition for removal not including a petition for TPR must state that the family court *may* order a placement plan at the merits removal hearing); S.C. Code Ann. § 63-7-1700(H)(4) (Supp. 2025) (stating that if the family court does not order the return of the child at the initial permanency planning hearing, "the court shall specify in its order . . . whether previous services should continue"). Further, to the extent DSS may have been required to notice Mother of its intent to be relieved of further reunification efforts, the family court properly amended the pleadings to include such notice. *See* Rule 15(b), SCRCP ("If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."); *Lee v. Bunch*, 373 S.C. 654, 661, 647 S.E.2d 197, 201 (2007) (finding no prejudice when there was no indication the party opposing the amendment would have presented additional or different evidence geared towards the new issue).

2. We find Mother failed to show the preponderance of the evidence was against the family court's finding that allowing DSS to forego reasonable efforts at reunification was in Children's best interests. *See Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); S.C. Code Ann. § 63-7-1640(F) (Supp. 2025) ("In determining whether to authorize the department to terminate or forego reasonable efforts to preserve or reunify a family, the court must consider whether initiation or continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child."). Children entered foster care after Child 2, who was six years old at the time, presented at the hospital five days after she swallowed magnets, which twisted her intestines, caused her to vomit fecal matter, and required emergency surgery. During these five days, Mother did not seek medical treatment and instead attempted to treat Child 2 using home remedies. Following their removal, Children made multiple disclosures of physical abuse and physical and medical

neglect by Mother. Mother's visitation with Children was suspended by court order in April 2024 for Children's mental health, and the guardian ad litem (GAL) reported Children's behavioral issues improved when visitation ceased. The GAL believed no placement plan could adequately ensure Mother would be a safe option for placement due to the "extraordinary abuse" Children suffered. Further, Child 1 and Child 2's therapist, an expert in child abuse dynamics and child counseling, testified that although she had been working with the children since February 1, 2024, both children continued to exhibit behavioral issues at the time of the October 21, 2024 hearing. She testified Child 2 remained fearful of Mother and opined that returning to Mother's care would be detrimental to the children's mental health. Moreover, during the ten months since the case began, Mother refused to comply with DSS's requests for information to facilitate Children's return. For example, Mother lied to DSS about her number of children, refused to provide her address at any point during the case, and refused to provide information about a child she had purportedly given birth to during the pendency of the case. Thus, the family court did not err in finding that allowing DSS to forego efforts at reunification was in Children's best interests.

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.